UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04194-JLS-AFM                              Date: September 28, 2023
Title:  Chan, et al. v. Panera, LLC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 11)**

Before the Court is Plaintiff's Motion to Remand.  (Mot., Doc. 11.)  Defendant opposed, and Plaintiff replied.  (Opp., Doc. 19; Reply, Doc. 21.)  The Court vacated the hearing date and, for the following reasons, DENIES Plaintiff's Motion.

**I.     BACKGROUND**

Plaintiff Angel Men Chan initiated this putative class action against Defendant Panera, LCC in Los Angeles County Superior Court on April 21, 2023.  (Compl., Ex. A to Declaration of Joshua Shirian, Doc. 11-1.)  Chan purports to represent a class of "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."  (*Id.* ¶ 21.)  On behalf of that class, Chan alleges that Panera engaged in several violations of the California Labor Code.  (*See generally id.*)

Chan asserts claims for: 1) failure to pay overtime wages; 2) failure to pay minimum wages; 3) failure to provide meal periods; 4) failure to provide rest periods; 5) failure to pay all wages due upon termination, which in California incurs waiting time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04194-JLS-AFM                            Date: September 28, 2023
Title: Chan, et al. v. Panera, LLC, et al.

penalties; 6) failure to provide accurate wages statements; 7) failure timely to pay wages during employment; 8) failure to indemnify employees for expenditures caused by job duties; and 9) unfair competition. (*Id.* ¶¶ 31–94.) Based on these claims, the Complaint seeks "[d]amages for all wages earned and owed, liquidated damages, "[d]amages for unpaid premium wages," penalties for waiting time and inaccurate wage statements, restitution of wages and benefits gained through unfair business practices, and attorneys' fees and costs. (*Id.* at 19–20.)

Panera removed the action to federal court on May 30, 2023, invoking jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (Notice of Removal ("NOR") ¶ 7, Doc. 1.) In support of removal, Panera filed a declaration from Barb Muellerleile, a Senior Director of Payroll at Panera. (*See* Decl. of Barb Muellerleile ¶ 1, Doc. 1-2.) Muellerleile declared that she accessed the hiring and termination dates, as well as the pay information, for all non-exempt employees working for Panera in California from April 21, 2019 to the present. (*Id.* ¶ 5.) The data revealed that there were 17,070 such employees and that at least 10,164 of those non-exempt employees have been terminated—either because they were fired or because they quit—in the period between April 21, 2020 and now. (*Id.* ¶¶ 6, 7.) The data revealed that the average hourly rate for these employees was $16.89. (*Id.* ¶ 7.) Chan has now moved to remand, arguing that the evidence that Panera has presented is insufficient to establish the amount-in-the-controversy requirement for CAFA jurisdiction.

**II.**     <u>**LEGAL STANDARD**</u>

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04194-JLS-AFM    Date: September 28, 2023
Title:  Chan, et al. v. Panera, LLC, et al.

from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d)).  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Here, the only question is whether Panera has shown that the action meets the amount-in-controversy requirement.

"In determining the amount in controversy [under CAFA], courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Id.*  As this Court described in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

The Ninth Circuit has held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.  Hence, beyond actual evidence, district courts may consider context and reasonable conjecture when evaluating a removal premised on CAFA jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04194-JLS-AFM                                        Date: September 28, 2023
Title:  Chan, et al. v. Panera, LLC, et al.

### III.   ANALYSIS

Chan argues that this action must be remanded because Panera has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.00.  (Mot. at 10–21.)  Chan insists that Panera has not proffered credible, "summary-judgment-type evidence" to support the amount-in-controversy calculations and that Panera's calculations are based on "speculative and unsupported assumptions."  (*Id.*)

Panera's evidence in support of its amount-in-controversy calculations is limited to the NOR and the Muellerleile declaration.  But Panera insists that this is sufficient because of the large class size.  Because a class action complaint requires that a plaintiff "demonstrate that the class members have suffered the same injury," Panera argues that the alleged violations must occur commonly.  (Opp. at 2–3 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982).)  As a result, Panera argues that a class of over 10,000 employes will almost always meet the $5 million threshold for CAFA jurisdiction.  (*Id.* at 7.)  Panera adds that it can meet that threshold amount based only on Chan's claim for waiting time penalties.

Before discussing Panera's evidentiary showing in greater depth, it is important to consider how waiting time penalties work under California law.  California Labor Code § 203 provides that, "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days.  This provision is not just about penalizing an employer who withholds an employee's final paycheck.  Rather, if any wages throughout the employee's tenure were not properly paid, including unpaid overtime wages and unpaid premium pay for missed breaks, they become due at the time the employee is terminated and failure to pay those wages triggers the penalty.  *See Naranjo v. Spectrum Sec. Servs.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04194-JLS-AFM                                    Date: September 28, 2023
Title:  Chan, et al. v. Panera, LLC, et al.

*Inc.*, 13 Cal. 5th 93, 110 (2022) (holding that unpaid premium constitutes unpaid wages, meaning it "must be paid promptly once an employee leaves the job" and failure to comply triggers penalties under § 203); *Takacs v. A.G. Edwards and Sons, Inc.*, 444 F. Supp. 2d 1100, 1125 (S.D. Cal. 2006) (explaining that overtime pay is a "wage" and therefore waiting time penalties will accrue upon termination for failure to provide overtime pay).

Turning back to Panera's evidence regarding the amount in controversy, Panera assumes that each of the 10,164 terminated employees suffered at least one instance of unpaid overtime or unpaid premium pay for working during rest periods; this violation triggered waiting time penalties at the time the employee was terminated; the penalties accrued for the full 30 days, or the maximum penalty amount; and each employee worked at least five hours on the day they did not receive overtime pay or premium pay.  (NOR ¶¶ 21b, 21c, 21d.)  This, in combination with the average hourly rate of pay of $16.89, produced a statutory penalty of $25,750,494 (10,164 class members x ($16.89/hour x five hours per day x 30 days)), which far exceeds the $5 million threshold on just *one* of Chan's nine claims.  (*Id.* ¶ 21d.)

Chan argues that each of Panera's inputs into this equation requires some supporting evidence; according to Chain, Panera has failed to justify that every employee suffered a violation that would trigger waiting time penalties, that every penalty would have accrued for the full 30 days, and that every employee worked a minimum of five hours.  (Mot. at 14.)  Chan emphasizes several cases in which courts have required this kind of evidentiary support.  For example, the Ninth Circuit observed that "a declaration by [the] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages" is not sufficient "to support removal jurisdiction under CAFA" and that "key unknown variables" must be calculated using assumptions supported by evidence.  *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013).  As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04194-JLS-AFM                                     Date: September 28, 2023
Title:  Chan, et al. v. Panera, LLC, et al.

Chan points out, Panera's declaration in support of removal was, like the one in *Garibay*, just as bare bones and lacking in support for Panera's various assumptions.  (Mot. at 10.)

But the problem for Chan is that the size of the proposed class in this case *does* alter the analysis.  While it is typical for courts to ask defendants to justify violation rates and average shift length, that is largely when defendants try to meet the $5 million threshold by assuming that every employee suffered some form of wage-and-hour violation and then assign to it an arbitrary violation rate specifically calculated to meet the threshold.  This sometimes results in a defendant's assertion of a 100% violation rate, i.e., some wage and hour violation is assumed to have occurred on every shift worked by each class member.  *See, e.g.*, *Holcomb v. Weiser Sec. Servs., Inc.*, 424 F. Supp. 3d 840, 845 n.2 (C.D. Cal. 2019) (finding that defendants failed to justify their assumption that there were "violations occurring in every identified shift for each class member").  That is not the kind of "100 percent violation rate" that Panera has used here.  Rather, Panera has assumed that every member of the proposed class suffered some type of wage-and-hour violation at least once during his or her employment at Panera and that the single violation, if unaddressed, would have triggered waiting time penalties upon the termination of employment.  This is not a "violation rate" assumption; this is an assumption that each alleged class member suffered at least some injury caused by Panera's purported common policy of failing to pay premium or overtime wages.

As a result, Panera's assumptions are of a different character because they are assumptions based on the nature of the class action as alleged.  Panera assumes that every member of the class suffered harm of the types that Chan alleges in the Complaint— failure to pay overtime wages, failure to pay minimum wages, failure to provide meal periods, etc.  While it may be improper for Panera to assume that these violations occurred every shift or some arbitrary percentage of shifts, it is not improper for Panera to assume that every class member was harmed by Panera's allegedly unlawful conduct.  *See, e.g.*, *Castillo v. Bank of America, NA*, 980 F.3d 723, 730 (9th Cir. 2020) ("To ensure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04194-JLS-AFM                                Date: September 28, 2023
Title:  Chan, et al. v. Panera, LLC, et al.

that common questions predominate over individual ones, the court must 'ensure that the class is not defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct.'" (quoting *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016)).  And because of the way California's waiting time penalties operate, a single violation, if unaddressed, would trigger penalties upon the employee's termination.

Panera also assumes that every class member accrued the maximum penalty amount for the whole 30 days.  This, too, is based on the allegations of the Complaint.  Chan's Complaint alleges a company-wide practice of violating California's wage and hour laws.  (Compl. ¶¶ 11–18.)  For a terminated employee to accrue only a partial penalty, Panera would have had to remedy all wage violations for that employee at some point after termination but before 30 days elapsed.  While Chan is correct that the Complaint alleges that violations occurred only "at times," there is nothing in the Complaint to suggest that violations, once they happened, were ever remedied.  It makes sense to assume that a terminated employee who was deprived of overtime and premium pay as a result of the company's general practice did not receive those wages after termination.

Finally, Panera assumes, for the purpose of calculating the daily pay rate, that these terminated employees worked at least five hours.  This is perhaps the weakest link in Panera's evidence; it seems that when Panera accessed its payroll records, it could easily have calculated average shift length at the same time that it calculated average pay and then used that reasoned calculation in determining the daily pay rate.  But, because of the sheer size of the proposed class, even this is not fatal to Panera's ability to meet the $5 million threshold.  Even a shorter average shift would result in waiting time penalties in excess of $5 million.  Furthermore, this is just the damages calculation for *one* of Chan's nine claims.  The amount in controversy would balloon if the Court considered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04194-JLS-AFM  Date: September 28, 2023
Title: Chan, et al. v. Panera, LLC, et al.

possible damages on the remaining claims and attorneys' fees, even using conservative estimates.

Ultimately, the Court is not required to check its common sense at the door when it considers the evidence in support of jurisdiction under CAFA. The context of a wage-and-hour class action, featuring a class of 17,070 members and invoking California's wage and hour laws which impose additional penalties for violations, permits the reasonable conjecture that CAFA's $5 million threshold is met. The Court does not endorse Panera's approach of using a bare bones declaration in support of its removal. But in this specific instance where the class is so large and features so many terminated employees who might be entitled to waiting time penalties, Panera has met its burden to demonstrate a sufficient amount in controversy by a preponderance of the evidence. Chan's Motion is DENIED.

Chan also argues that remand is proper because the Court lacks equitable jurisdiction over Chan's claim for restitution under California's Unfair Competition Law. (Mot. at 21–23.) But "a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001). Because the Court has subject-matter jurisdiction over the bulk of this case based on CAFA, its inability to award restitution does not permit remand of the entire action.

**IV.   CONCLUSION**

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: gga